IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| BENITO LIRA MARTINEZ, | § | |
| | § | |
|     Defendant. | § | |

## COMPLAINT

Pursuant to Title 8, United States Code, Section 1229c(d), the United States of America, by its attorney, Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, brings this action against Defendant Benito Lira Martinez to collect a civil monetary penalty owed to the United States pursuant to Section 240B of the Immigration and Nationality Act ("INA"), and alleges the following:

### PARTIES

1. Plaintiff is the United States of America ("United States"). The United States brings this action on behalf of the Department of Homeland Security ("DHS") as an agency of the United States.

2. Upon information and belief, Defendant during all relevant times is an individual and noncitizen alien residing in the County of Harris within this district.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1345, and 1355(a) and venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §§ 1391(b)(1), 1395(a).

## APPLICABLE LAW

4.     Pursuant to 8 U.S.C. § 1229c(d): "[I]f an alien is permitted to depart voluntarily . . . and voluntarily fails to depart the United States within the time period specified, the alien . . . shall be subject to a civil penalty of not less than $1,000 and not more than $5,000 . . . ."

## GENERAL ALLEGATIONS

5.     Defendant is indebted to the United States for a civil penalty assessed for failure to depart the United States, after receiving permission to voluntarily depart the United States, within the required time period.

6.     On October 6, 2021, the Board of Immigration Appeals affirmed the Immigration Judge's order that provided Defendant was removable from the United States and allowed to voluntary depart the United States in lieu of removal.

7.     Both the Board of Immigration Appeals and the Immigration Judge's orders provided notice that if Defendant failed to voluntarily depart the United States by the specified date of departure, Defendant would be subject to a civil penalty (between $1,000 and $5,000).

8.     On information and belief, Defendant thereafter failed to depart from the United States by the specified date of departure.

9.     On or about April 29, 2025, DHS sent Defendant a Notice of Intention to Fine ("NOIF"), notifying Defendant of its intent to impose a fine of $3,000.00 based on Defendant's failure to voluntarily depart the United States by the specified date.

10.     On May 3, 2025, Defendant received delivery of the NOIF.

11.     Defendant did not respond to the NOIF or otherwise contest the imposition of a penalty.

12.     On or about July 8, 2025, DHS issued a final order, imposing a civil penalty of

$3000.00 on Defendant for failure to voluntarily depart.

13. The civil monetary penalty remains unpaid and has accrued to $3,025.48 as of October 31, 2025.

14. Upon information and belief, Defendant continues to reside in the United States.

## PRAYER FOR RELIEF
### Civil Penalties for Failure to Depart – 8 U.S.C. § 1229c(d)

WHEREFORE, Plaintiff United States of America prays:

15. For judgment against Defendant in the amount of $3025.48, plus interest, penalties, costs and fees that have accrued to the date of judgment; and thereafter, interest accruing at the legal rate pursuant to 28 U.S.C. § 1961; and

16. For such other and further relief as the Court deems just and proper.

Respectfully submitted,
NICHOLAS J. GANJEI
UNITED STATES ATTORNEY

*/s/ Colin W. Hotard*
Colin W. Hotard
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, TX 77002
E-Mail: colin.hotard@usdoj.gov
SDTX No.: 3897860